**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTONIO VEGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:17−cv−08784 |
| vs. | ) | |
| | ) | Honorable Matthew F. Kennelly |
| MICHAEL MOTORS, LTD., | ) | |
| doing business as WINDY CITY | ) | |
| MOTORS, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS,
AND SANCTIONS AGAINST MICHAEL MOTORS, LTD.'S COUNSEL**

Plaintiff Antonio Vega, by counsel, respectfully moves this court to impose sanctions on the Defendant's counsel for their egregious conduct of filing a Motion to Compel Arbitration and Stay Proceedings [Dkt. # 30] without any colorable legal basis. This motion is based upon 28 U.S.C. § 1927 and the inherent authority of the court to award legal expenses to a litigant whose opponent acts in bad faith in conducting litigation. In support of this Motion, Plaintiff states as follows:

**BACKGROUND**

1.      On May 31, 2016, Plaintiff signed an arbitration clause providing for arbitration before JAMS (Exhibit A, page 4).

2.      On July 7, 2017, Plaintiff filed an Arbitration Demand and Statement of Claim alleging violations of the Federal Odometer Act and paid a $250 filing fee to JAMS.

3.      Defendant later claimed there was another agreement with the BBB as well as one with JAMS. Defendant does not dispute the existence of the agreement with JAMS.

4.      Defendant ignored the demand for arbitration on the basis that "it thought in good

faith that all disputes needed to be resolved with the BBB pursuant to the BBB Agreement." Def's Mot., Dkt. # 30, pg 4. Defendant did not make any effort to compel arbitration with any other forum. Nor did Defendant inform Plaintiff of its "good faith" belief. Instead, Defendant completely ignored multiple communications from the JAMS case manager to pay its portion of the arbitration fee and appear in the arbitration proceeding.

5.      Defendant continued to ignore the arbitration proceeding, did not pay or otherwise respond to JAMS' requests, nor did Defendant indicate the arbitration was brought before the incorrect forum.

6.      After 4 months and 15 days, and multiple notices sent directly to Defendant Windy City Motors' owner, JAMS finally closed the arbitration file due to lack of communication and non-payment of the arbitration fees.

7.      Immediately following JAMS' closure of the arbitration matter, on November 27, 2017, the owner of Defendant Windy City Motors, Mr. Kinsch, contacted Counsel for Plaintiff via telephone seeking a settlement demand. During that phone call, Mr. Kinsch made no mention of his "good faith" belief that BBB was the correct forum.

8.      On November 27, 2017, Plaintiff issued a settlement demand for his statutory damages and reasonable attorney's fees and on December 4, 2017, Mr. Kinsch tendered a counter offer, which represented less than a quarter of the damages Plaintiff was entitled to.

9.      After a failed attempt at resolving this case via settlement, Plaintiff filed this case with this Court on December 6, 2017.

10.     As with the JAMS complaint, Plaintiff personally served Defendant's registered agent. Nevertheless, Defendant again ignored the proceeding before this Court and was ultimately held in default on January 13, 2018 [Dkt. #12].

11.     Defendant later informed the court that its principal had medical issues which limited his ability to conduct the affairs of his company and participate in this litigation, yet he was still capable of negotiating and entering into a settlement agreement with the plaintiff in *Bowman v. Michael Motors*, 2017-M1-131413, a case in the First Municipal Division of the Cook County Circuit Court, on or about January 18, 2018 (Exhibit B), which is the same time period that he was supposedly unable to manage the affairs of his business.

12.     This was not the first time Defendant has ignored the rules of this Court. In a November 17, 2016 Order by Judge Robert M. Dow, the Court admonished Mr. Kinsch specifically stating "[a]s a direct result of Defendant's actions, Plaintiff has incurred costs and attorneys' fees that could have been avoided through Defendant's timely cooperation with the Court's judgment. Defendant's principal, Mr. Michael Kinsch, has in fact acknowledged his company's shortcomings in this regard." *Mitsubishi Motors North America, Inc. v. Michael Motors, Ltd. d/b/a Windy City Motors*, 15-cv-10846, Dkt. # 52 (N.D. Ill. 2016), attached hereto as Exhibit C.

13.     In his November 17, 2016 Order, Judge Dow goes on to describe emails he received from Mr. Kinsch stating, "It is a hard lesson learned to face a difficult situation and not avoid it since it will only grow more difficult in the end." (Exhibit D). In sum, Judge Dow granted Plaintiff an additional $40,000 in attorneys' fees and expenses for Mr. Kinsch's "hard lesson learned." (Exhibit C).

14.     Defendant filed two motions to vacate the order of default in order to compel arbitration before the BBB [Dkts. # 16 and 21], the first was denied [Dkt. # 20] and the latter was granted [Dkt. # 29].

15.     In granting the second motion, this Court "strongly" encouraged the parties to

participate in good faith settlement discussions to resolve the matter.

16.     On February 27, 2018, pursuant to this Court's recommendation, Plaintiff immediately issued a settlement demand, to which Defendant's counsel did not respond, other than to attempt to arrange a time to meet and "discuss the documents," which Plaintiff's counsel had already thoroughly reviewed and was in possession of for over 6 months in an attempt to litigate the merits. Defendant's counsel indicated "the meeting would not be primarily to talk settlement."

17.     Defendant has now filed its motion to compel arbitration before the BBB. As discussed in further detail below, the motion lacks any colorable legal basis and is solely used as a tool to delay and prolong the proceedings, in violation of 28 U.S.C. § 1927.

## LEGAL STANDARDS

18.     "28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for 'unreasonable and vexatious' multiplication of litigation despite the absence of any conscious impropriety. An attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits, or by pursuing nonfrivolous claims through the use of multiplicative litigation tactics that are harassing, dilatory, or otherwise 'unreasonable and vexatious.'" *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986).

19.     "[A] district court may impose sanctions under § 1927 when it determines that an attorney reasonably should know that a claim pursued is frivolous." *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 532 (6th Cir. 2006) (internal citations omitted).

20.     A court may impose § 1927 fees "to sanction needless delay" by counsel. *Reid v. United States*, 715 F.2d 1148, 1154 (7th Cir. 1983).

21.     Sanctions under Section 1927 are "meant to compensate the party that has been injured by a lawyer's bad-faith conduct and to compel the lawyer to bear the costs of his own lack

of care." *Tillman v. New Line Cinema*, 374 Fed. Appx. 664, 666-667 (7th Cir. 2010).

## ARGUMENT

22.     In its Motion to Compel Arbitration, Defendant correctly cites to two separate and distinct arbitration provisions, one which calls for arbitration with JAMS, AAA, or NAM (Exhibit A, page 4) and another which calls for arbitration solely with the Better Business Bureau (BBB) (Exhibit E).

23.     There are only two possible results from these two inconsistent arbitration agreements, neither of which support an enforceable arbitration agreement:

24.     The first possibility is that there was no meeting of the minds and there is no arbitration agreement at all. "[A]n agreement to arbitrate must be the product of mutual assent, as determined under customary principles of contract law." *NAACP of Camden Cty. E. v. Foulke Mgmt. Corp.*, 421 N.J. Super. 404, 424, 24 A.3d 777, 790 (App. Div. 2011).

25.     Similar to the facts in *NAACP of Camden Cty. E.*, Plaintiff here signed two different arbitration agreements, which contain incongruous terms. The terms of the two clauses cannot be reconciled with one another.

26.     In *NAACP of Camden Cty. E*, the New Jersey Appellate Division specifically found that "the conflicting and ambiguous aspects of material parts of the arbitration provisions—i.e., those relative to venue, arbitrators' credentials, time limitations, costs, and class waivers—cannot be excised without severely gutting those provisions and leaving uncertainty in their wake." *NAACP of Camden Cty. E.*, 421 N.J. Super. 437–38.

27.     The same is true with the two incongruous arbitration agreements here, for example:

- The venue conflicts (JAMS, AAA, NAM or small claims court *vs.* BBB only);

- The arbitrators credentials (the retail installment contract requires a lawyer with 10

years' experience or a federal judge *vs.* the separate BBB agreement which allows anyone to be an arbitrator)

- Incongruous time limitations (JAMS allows for possibility of appeal *vs.* BBB which requires that all awards are final and binding); and

- Inconsistent provisions for allocation of costs.

28.     The provisions are thus void and unenforceable as inconsistent, uncertain, and lacking a meeting of the minds.

29.     Alternatively, there was an inconsistency or ambiguity in the contract terms, which must be resolved in favor of Plaintiff Vega, as the non-drafting party. According to the legal maxim of *contra proferentem*, the contract should be interpreted to allow arbitration in any of the forums listed on either agreement. Plaintiff, who did not create the inconsistency, and who was willing to arbitrate, should be permitted to select the arbitration forum, which he did in selecting JAMS. Defendant refused to participate in the JAMS proceeding.

30.     It is a well understood rule of contract interpretation that "a court should construe ambiguous language against the interest of the party that drafted it." *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 62, 115 S.Ct. 1212 (1995) (FAA case citing several Illinois State Court decisions to support conclusion). The party which has "drafted an ambiguous document . . . cannot now claim the benefit of the doubt." *Mastrobuono*, 514 U.S. at 63. "The reason for this rule is to protect the party who did not choose the language from an unintended or unfair result." *Id*.

31.     Here, the same rule applies and the ambiguities and inconsistencies are construed against Defendant, the party that created the ambiguity and inconsistency. These inconsistencies resulted in an unintended and unfair result in that Plaintiff incurred significant time and expense in exercising his right to arbitrate before JAMS, to which Defendant ignored, resulting in the dismissal of that arbitration. Plaintiff was then forced to bring his claim in Federal Court, incurring

6

additional time and expense, to which Defendant also ignored and was found in default [Dkt. # 12]. Now, Defendant seeks to use the Federal action to force Plaintiff to arbitrate through the BBB, its preferred forum, which will again result in further time and expense incurred by Plaintiff.

32.     There is no enforcement mechanism by which Plaintiff will be able to ensure that Defendant will actually appear and litigate the claims, which, based on past history, will likely result in further delay, and further time and expense being incurred by Plaintiff while Defendant sends Plaintiff on yet another wild goose chase.

33.     Even if Defendant appears in an action before the BBB, Plaintiff is forced to litigate his claims in a less favorable forum (*see* ¶ 27, above, outlining the distinctions between the arbitration forums) and puts Defendant at an unfair advantage. Based on Defendants conduct as outlined herein, this is precisely the unjust and "unfair result" contemplated by the Supreme Court in *Mastrobuono*. As such, Defendant has waived its right to arbitrate.

34.     In sum, (i) there are conflicting arbitration clauses and there was no meeting of the minds, (ii) the ambiguities and inconsistencies are resolved against Defendant, and (iii) Defendant's course of conduct resulted in the waiver of its right to arbitrate. With that in mind, Defendant cannot in good faith pursue a Motion to Compel Arbitration.

35.     In fact, on February 15, 2018 in open court and on the record, the Court admonished Defendant's counsel for attempting to enforce the inconsistent, ambiguous, and usurious language contained within the two arbitration agreements. Yet, Defendant's counsel continues to advance this spurious position.

36.     The continued pursuit by Defendant's counsel of Defendant's Motion to Compel Arbitration and Stay Proceedings, without any cognizable legal basis, violates 28 U.S.C. § 1927 by "multipl[ying] the proceedings" so as "to unreasonably and vexatiously" increase the cost of

litigation. 28 U.S.C. § 1927.

WHEREFORE, Plaintiff asks the Court for an order requiring Defendant's counsel to pay the reasonable expenses, including attorneys' fees and costs, that Plaintiff incurred in responding to Defendant's spurious Motion to Compel Arbitration and Stay Proceedings.

Respectfully submitted,

s/Corey J. Varma
Corey J. Varma

Daniel A. Edelman
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## CERTIFICATE OF SERVICE

I, Corey J. Varma certify that on Tuesday, March 27, 2018, I caused the electronic filing of the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such to all parties by operation of the Court's electronic filing system.


                        s/Corey J. Varma
                        Corey J. Varma

Daniel A. Edelman
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com